```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**DERWARD JOHNSON,**

                           **Petitioner,**

              v.                          CASE NO. 07-3301-SAC

**ATTORNEY GENERAL**
**OF KANSAS, et al.,**

                           **Respondents.**

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF). Petitioner has paid the filing fee.

Petitioner seeks to challenge his conviction on September 11, 2001, of attempted murder in the District Court of Sedgwick County, Kansas. He is serving a sentence of 246 months. Petitioner alleges he was tried by a judge rather than a jury. On-line Kansas appellate court records indicate his conviction was affirmed by the Kansas Court of Appeals (KCOA) on April 11, 2003, and a Petition for Review was denied by the Kansas Supreme Court on July 9, 2003. On direct appeal, petitioner argued, as he does here, that his defense counsel was ineffective, and he should be allowed to withdraw his jury trial waiver and be retried. In support of these arguments, he alleges his attorney was disbarred while representing him and incompetently advised him to waive a trial by jury.

Petitioner states he filed an action under K.S.A. § 60-1507 in the Kansas Supreme Court raising the same ineffective assistance of counsel claims. However, he does not provide the dates on which his state post-conviction action was filed or decided. Nor does he allege that he appealed the trial court's decision on his 1507

motion to the KCOA and the Kansas Supreme Court or provide the dates of any appellate decisions in 1507 proceedings. The court is not convinced from petitioner's allegations that he actually filed a motion under 60-1507, since such a motion is initially filed in the trial court rather than the state supreme court. Whether or not Mr. Johnson filed a 1507 action, and the dates those collateral proceedings remained pending, if he did, are crucial threshold issues because it appears Mr. Johnson's federal Petition was not filed within the applicable statute of limitations, unless that limitations period was tolled by a pending state post-conviction motion.

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. 2244(d)(2). For purposes of the statute of limitations, Mr. Johnson's conviction became "final" one year after his direct appeal was complete. Direct review in this case was complete on or around October 9, 2003, which is ninety days after the Kansas Supreme Court denied his Petition for Review on July 9,

2003[1]. It follows that Mr. Johnson had one year from that date, or until October 9, 2004, to file his federal habeas corpus petition. The instant federal Petition was executed on December 2, 2007, over three years after the limitations period expired, absent statutory or equitable tolling. The court reiterates that if Mr. Johnson properly filed a 60-1507 petition in the trial court after his direct review was complete, the time during which that state action was pending tolls the running of the statute of limitations.

Petitioner is given time to provide the court with information regarding any post-conviction motion filed by him pursuant to K.S.A. 60-1507, or any other provision. With regard to any 60-1507 motion he has filed, he must state to this court (1) the issues raised, (2) the date the motion was filed, (3) the court in which the motion was filed, (4) the date of the state trial court's decision on his motion, and (5) the dates the Kansas Court of Appeals and the Kansas Supreme Court affirmed the denial of his motion.

If there was no properly pending 60-1507 motion, then the statute of limitations appears to have expired long before Mr. Johnson's federal Petition was filed, and this action must be dismissed as time-barred unless he demonstrates an entitlement to some additional statutory tolling or "exceptional circumstances" entitling him to equitable tolling. Thus, petitioner is required to explain to this court why he did not file his federal habeas Petition within one year after his direct appeal was complete. In sum, petitioner will be given time to show cause why his federal

---

[1] Ninety days is added to the one-year limitation period for the time in which petitioner could have sought further direct review by filing a petition for certiorari in the United States Supreme Court.

3

Petition should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to allege facts showing why this action should not be dismissed as time-barred in accordance with the foregoing Memorandum and Order.

**IT IS SO ORDERED.**

Dated this 27th day of December, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
