```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**DERWARD JOHNSON,**

                            **Petitioner,**

                v.                          CASE NO.  07-3301-SAC

**ATTORNEY GENERAL**
**OF KANSAS, et al.,**

                            **Respondents.**

<u>**MEMORANDUM AND ORDER**</u>

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas (ECF). Petitioner seeks to challenge his conviction in the District Court of Sedgwick County, Kansas, on September 11, 2001, of attempted murder. He is serving a sentence of 246 months. Upon screening the Petition, the court issued a Memorandum and Order finding this action was not filed within the applicable statute of limitations[1] unless statutory or equitable tolling could be shown. Petitioner was given time to show cause why this action should not be dismissed as time-barred by providing information

---

[1] The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

<u>Id</u>. A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

regarding any tolling-type motion and, if the limitations period was not statutorily tolled, by demonstrating "exceptional circumstances" entitling him to equitable tolling. Mr. Johnson has filed his Response (Doc. 3) indicating he is entitled to some statutory tolling due to his pursuit of state post-conviction relief. Having considered all materials filed herein, the court finds as follows.

**FACTS**

Petitioner directly appealed his 2001 conviction to the Kansas Court of Appeals (KCOA), which affirmed; and the Kansas Supreme Court denied his Petition for Review on July 9, 2003. Petitioner does not dispute that his conviction became "final" for statute of limitations purposes ninety days later on October 9, 2003.

On July 12, 2004, petitioner filed a state post-conviction motion pursuant to K.S.A. 60-1507 in the Sedgwick County District Court[2]. Petitioner erroneously alleges this was 74 days after his conviction became final, when it was obviously more than nine months, and was precisely 273 days. The statute of limitations ran during this 273-day period. The filing of petitioner's 1507

---

[2] On direct appeal as well as in his 1507 petition, petitioner argued, as he does here, that his defense counsel was ineffective, and that he should be allowed to withdraw his jury trial waiver and be retried. In support of these arguments, he alleges his defense counsel, Daniel Phillips, was "actually disbarred during petitioner's trial causing him to have substitute counsel appointed mid-trial." He asserts trial counsel was ineffective and incompetently advised him to waive a trial by jury. Petitioner was represented by a different attorney on direct appeal.

petition stopped the running of the statute of limitations, with 92 days remaining.  The federal limitations period was "statutorily tolled" while the 1507 petition was considered and denied by the state district court, the denial was affirmed by the KCOA, and Johnson's Petition for Review was denied by the Kansas Supreme Court on September 19, 2006.  The tolling effect continued throughout the entire pendency of the state action, including the 20-day period for filing a motion for rehearing, which ended on October 9, 2006.  It follows that the statute of limitations began running again in this case on October 10, 2006[3].  It then ran unimpeded for 92 days, until it expired on January 7, 2007.  The instant federal Petition was not executed until December 2, 2007, nearly 11 months after the limitations period expired.

Petitioner was also provided the opportunity to demonstrate "exceptional circumstances" entitling him to equitable tolling.  In his Response, he maintains that he "diligently pursued his claims" and the failure to timely file his federal Petition was caused by "ineffective assistance of counsel."  In support, he alleges that in January of 2007[4], he hired an attorney, Jim Lawing, "to review (his) file and pursue post-conviction relief," and sent Mr. Lawing "what sparse records of his case he had in his possession."  He

---

[3] The Tenth Circuit Court of Appeals has held that the statute of limitations is also tolled for the 20-day period in Kan.S.Ct. R. 7.06, pursuant to which petitioner could have filed a rehearing petition from the Kansas Supreme Court's order denying review.  See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2006).

[4] Petitioner claims this was "long before" his federal habeas petition "needed to be filed."  However, as noted, the limitations period expired the first week in January.

further alleges that Mr. Lawing visited him on three occasions, they discussed the available options, petitioner "was adamant about counsel filing a § 2254" raising the issues he "preserved on direct appeal" and in his 1507 petition, but Lawing advised him it made "no sense" to file a § 2254 petition based on ineffective assistance of counsel.  Lawing recommended instead that Mr. Johnson maintain a good institutional record, take advantage of any schooling offered during his incarceration, and hope to get the warden to recommend early release to the parole board or a pardon to the governor.  Petitioner next repeats arguments that his trial counsel was impaired and ineffective; and finally alleges he paid "the attorney," turned over his files, and "when it became obvious counsel was not going to file his suit," he filed the instant action.  Petitioner also asserts "it would result in a fundamental miscarriage of justice" if his claims were not reviewed in federal court because he "has maintained his innocence throughout all court proceedings."

**DISCUSSION**

The court finds these allegations and arguments are not sufficient to entitle Mr. Johnson to equitable tolling. Petitioner's allegations regarding Mr. Lawing do not entitle him to such relief since his contact with Mr. Lawing was initiated either days before the end of the limitations period or after it had already expired.  Moreover, petitioner's allegations that Lawing advised against his pursuing a § 2254 action, are quite

4

distinguishable from cases where an attorney had allegedly assured a petitioner that he would, but then failed to, file a § 2254 petition.  If Mr. Johnson is indeed claiming that post-conviction counsel was ineffective, this claim also fails because there is no federal constitutional right to counsel in a state or federal habeas corpus action.  It thus follows that even if Mr. Lawing's advice was somehow shown to have been ineffective, petitioner is not entitled to equitable tolling on that basis.

Petitioner's allegations that his first trial counsel was impaired and ineffective do not entitle him to equitable tolling, since he was not represented by Mr. Phillips during any of the times the statute of limitations was running.  His completely conclusory statement that he has throughout maintained his innocence also fails to entitle him to any additional tolling. "Prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'."  See House v. Bell, 547 U.S. 518, 536-537 (2006), *citing* Schlup v. Delo, 513 U.S. 298, 327 (1995); McCray v. Vasbinder, 499 F.3d 568, 572 (6th Cir. 2007), cert. denied, 128 S.Ct. 1236 (2008); Melson v. Allen, ___ F.3d ___, 2008 WL 4891206 (11th Cir. 2008)(Petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence," to make a "gateway" claim of innocence allowing his otherwise barred constitutional claims to be considered on the merits.).  Mr. Johnson describes no reliable new

5

evidence of his innocence.

The court finds that petitioner has failed to show that he diligently pursued his state and federal court remedies or that exceptional circumstances existed throughout the times the court has found the statute of limitations was running in this case. The court concludes that this action must be dismissed because it was not filed within the applicable statute of limitations.

**IT IS THEREFORE ORDERED** this action is dismissed as time-barred, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 17th day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge
